# OPINION ON REHEARING



FILED

Oct 08 2019, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Greg A. Bouwer
Jeff Carroll
Koransky Bouwer & Poracky, P.C.
Dyer, Indiana

ATTORNEY FOR APPELLEE
XL INVESTMENT PROPERTIES,
LLC

Matthew J. Hagenow
Newby, Lewis, Kaminski & Jones,
LLP
LaPorte, Indiana

ATTORNEY FOR APPELLEE
LAPORTE COUNTY AUDITOR

J. Alex Bruggenschmidt
Buchanan & Bruggenschmidt,
P.C.
Zionsville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Indiana Land Trust Company,
f/k/a Lake County Trust
Company TR #4340,

*Appellant-Movant,*

v.

XL Investment Properties, LLC,
and LaPorte County Auditor,

*Appellees-Respondents*

October 8, 2019

Court of Appeals Case No.
18A-MI-2150

Appeal from the LaPorte Superior
Court

The Honorable Richard R.
Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-1509-MI-1642

**Baker, Judge.**

The Appellees have filed a petition for rehearing, which we grant for the limited purpose of addressing three of their arguments. First, notwithstanding the wording in our original opinion, we clarify that the record is not wholly clear as to whether Trust 4340 provided a current tax notice address for the Property to the Auditor in a timely fashion. That does not change the result, however, as the fact that an address search would be difficult or futile does not relieve the Auditor from its constitutional obligations. *E.g.*, *Farmers Mut. Ins. Co. v. M Jewell, LLC*, 992 N.E.2d 751, 758-59 (Ind. Ct. App. 2013) (holding that "[w]hether a search of the auditor's records would have produced an alternate address and resulted in [the property owner] receiving actual notice . . . is not the salient question; rather, the question is whether the auditor's office performed the duties imposed" by statute and constitution).

Second, the Appellees are incorrect in stating that this Court "determined as a matter of fact that the Certified Mail Notice was undeliverable rather than refused[.]" Reh. Pet. p. 7. Instead, we plainly acknowledged a "conflict" between the official Post Office label, which "indicate[d] that the mail was not deliverable," and the notation stating "refused" in handwriting. Slip op. p. 13. We determined as a matter of law that given such a conflict, "the official Post Office stamp and label must control." *Id.* at 14. This holding does *not* conflict with or otherwise override the trial court's lone finding on this issue, which was simply that "[t]he certified mail was returned to the Auditor and marked with a

handwritten 'Refused.'" Appealed Order p. 3. Therefore, this argument is unpersuasive.

[3] Finally, the Appellees argue that we should vacate our opinion to permit the Attorney General to intervene. We decline this invitation. Indiana Code section 34-33.1-1-1(a) states:

> If the constitutionality of a state statute, ordinance, or franchise affecting the public interest is called into question in an action, suit, or proceeding in any court *to which an agency, officer, or employee of the state is not a party,* the court shall certify this fact to the attorney general and shall permit the attorney general to intervene on behalf of the state[.]

(Emphasis added). Here, the LaPorte County Auditor's office, which is an agency of the state, has been a party to the litigation at all times. *E.g.*, Ind. Code ch. 36-2-9 (creating and establishing parameters of the county auditor position); I.C. § 36-2-9-10 (providing that county auditors may "sue principals or sureties on any obligation" "in the name of the state"); *State Bd. of Tax Comm'rs v. S. Shore Marina*, 422 N.E.2d 723, 735 (Ind. Ct. App. 1981) (laws granting powers to county auditors "are intended to afford an instrumentality or agency through which the State . . . can prevent property subject to taxation from escaping the . . . law"). Therefore, the State's position is adequately represented and this statute related to Attorney General intervention does not apply.

In all other respects, we deny the petition for rehearing.

May, J., and Tavitas, J., concur.